## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**ISIDRO JOHN-REYES,**<br>Defendant. | Criminal No. 18-500 (ADC)<br>Criminal No. 21-153 (ADC) |

## REPORT AND RECOMMENDATION
## ON RULE 11(c)(1)(B) CHANGE OF PLEA HEARING

### I.     Procedural Background

On February 18, 2020, Defendant Isidro John-Reyes was charged by a Grand Jury in a three-count second superseding indictment in Crim. No. 18-500 (ADC). On April 29, 2021, Defendant Isidro John-Reyes was charged by a Grand Jury in a five-count indictment in Crim. No. 21-153 (ADC). On November 27, 2022, the Defendant moved for a change of plea in Crim No. 18-500 at Docket No. 475; and, on November 30, 2022, Defendant moved for a change of plea in Crim. No. 21-153 at Docket No. 138. Defendant agrees to plead guilty to Count Three of the Second Superseding Indictment in Crim. No. 18-500; but stipulated and agreed to be held accountable for a lesser drug amount– five hundred (500) grams or more of cocaine. Defendant also agrees to plead guilty as to Counts One and Five of the Indictment in Crim. No. 21-153; but stipulated and agreed as to Count One to be held accountable for a lesser drug amount– five hundred (500) grams or more of cocaine.

Count Three of the Second Superseding Indictment in Crim. No. 18-500 charges that, beginning on a date unknown, but no later than 2017, up to and until the return of the instant indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of the Court, Isidro John-Reyes and co-defendants, did knowingly and intentionally, combine, conspire and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an

USA v. Isidro John-Reyes
Cr. No. 18-500 (ADC)
Cr. No. 21-153 (ADC)
Report and Recommendation on Guilty Plea

offense against the United States, that is: a violation of Title 21, United States Code, Section 952(a) namely, importation into the United States from any place outside thereof of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. All in violation of Title 21 United States Code, Sections 952(a), 960(a)(1) & (b)(1)(B), and 963.

Count One of the Indictment in Crim. No. 21-153 charges that, beginning on an unknown date and continuing to on or about April 19, 2021, in the District of Puerto Rico and within the jurisdiction of this Court, Isidro John-Reyes and co-defendants, did knowingly and intentionally attempt, combine, conspire, confederate and agree with each other, and with other diverse persons known and unknown to the Grand Jury, to commit an offense against the United States, to wit: to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846.

Count Five of the Indictment in Crim. No. 21-153 charges that, on or about April 19, 2021, in the District of Puerto Rico and within the jurisdiction of this Court, Isidro John-Reyes and co-defendants, aiding and abetting each other and persons known and unknown to the Grand Jury, did knowingly possess a firearm, specifically: one (1) .380 caliber, Glock pistol, model 42, serial number AATS042, in furtherance of a drug trafficking crime for which they may be prosecuted in a Court of the United States. All in violation of 18 U.S.C. §§ 924(c)(1)(A), and 2.

The United States of America and Defendant entered into a Plea and Forfeiture Agreement in both cases. Crim No. 18-500 at Docket No. 523; Crim. No. 21-153 at Docket No. 158. On January 11, 2023, Defendant appeared before this Court for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F.3d. 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful because otherwise he could be charged with perjury.

USA v. Isidro John-Reyes
Cr. No. 18-500 (ADC)
Cr. No. 21-153 (ADC)
Report and Recommendation on Guilty Plea

## II. Consent to Proceed Before a Magistrate Judge

Defendant was advised of his right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if he elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was provided with a *Waiver of Right to Trial by Jury*, which he signed prior to the hearing. Crim No. 18-500 at Docket No. 522; Crim. No. 21-153 at Docket No. 157. Defendant validated his signature and informed that his attorney had translated the document to Spanish and explained the document before signing the same. The Court found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

## III. Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

### A. Competence to Enter a Guilty Plea

The Court questioned Defendant about his age, education, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and his understanding of the purpose of the hearing, to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The Court confirmed that Defendant received the indictments in both cases and fully discussed the charges with his attorney, and that he was satisfied with the advice and representation he received. The Court further inquired whether Defendant's counsel or counsel for

3

USA v. Isidro John-Reyes
Cr. No. 18-500 (ADC)
Cr. No. 21-153 (ADC)
Report and Recommendation on Guilty Plea

the Government had any reservations as to Defendant's capacity to plead, receiving answers that Defendant was competent to enter a plea. After considering Defendant's responses, and observing his demeanor, the Court found that Defendant was competent to plead and fully aware of the purpose of the hearing.

### B. Plea Agreement

Defendant was shown his plea agreement, including the stipulation of facts, and he identified his initials and signatures. Defendant confirmed that he had the opportunity to read and discuss the plea agreement and plea agreement supplement with his attorney, that his attorney translated both the plea agreement and the plea agreement supplement before he signed the documents, that the plea agreement represented the entirety of his understanding with the Government, that he understood the terms of the plea agreement and plea agreement supplement, and that no one had made any other or different promises or assurances to induce him to plead guilty. Counsel for the Government described the essential elements of the plea agreement, including stipulations pertaining to the Sentencing Guidelines and any sentencing recommendations. Counsel for the defense agreed with the Government's description of the terms and recommendations, and so did Defendant.

Defendant was then admonished, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), that the terms of the plea agreement are mere recommendations to the Court, and that the District Judge who will preside over the sentencing hearing can reject the recommendations without permitting Defendant to withdraw his guilty plea. And that the District Judge could impose a sentence that is more severe than what Defendant might anticipate. Defendant expressed full understanding of the foregoing and confirmed that he was fully aware that, if the District Judge does not follow the recommendations in the plea agreement, he will not be allowed to withdraw his plea of guilty if he receives a sentence that is higher than expected.

### C. Voluntariness

In considering the plea agreement, Defendant acknowledged that the plea agreement contains all the promises and agreements that he made with the Government and that no one made any other or different promise or assurance of any kind in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Defendant indicated that he was not being

induced to plead guilty, that he was entering such plea freely and voluntarily because in fact he is guilty, and that no one has threatened him or offered a thing of value in exchange for his plea. Defendant understood that the offenses to which he is pleading guilty are felonies and that, if the plea is accepted, he will be adjudged guilty of those offenses, and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

Throughout the hearing, Defendant was free to consult with his attorney or to seek clarification from the Court. He confirmed that his agreement to plead guilty was made knowingly and voluntarily.

### D. Maximum Penalties

Defendant expressed his understanding of the statutory maximum penalties for the offenses to which he was pleading guilty.

<u>Crim. No. 18-500 (ADC)</u>

Count Three of the Second Superseding Indictment carries a term of imprisonment of not less than ten (10) years and up to life, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of not less than five (5) years. However, because the Defendant has agreed to be held accountable for a lesser included drug weight— five hundred (500) grams or more of cocaine — the applicable penalties are a term of imprisonment of not less than five (5) years and no more than forty (40) years, a fine not to exceed five million dollars ($5,000,000.00), and a term of supervised release of at least four (4) years. Defendant indicated that he understood the maximum penalties for Count Three of the Second Superseding Indictment, that the offense charged is a felony, and the potential consequences of the guilty plea.

<u>Crim. No. 21-153 (ADC)</u>

Count One of the Indictment carries a term of imprisonment of not less than ten (10) years and up to life, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of not less than five (5) years. However, because the Defendant has agreed to be held accountable for a lesser included drug weight— five hundred (500) grams or more of cocaine — the applicable penalties are a term of imprisonment of not less than five (5) years and no more than

USA v. Isidro John-Reyes
Cr. No. 18-500 (ADC)
Cr. No. 21-153 (ADC)
Report and Recommendation on Guilty Plea

forty (40) years, a fine not to exceed five million dollars ($5,000,000.00), and a term of supervised release of at least four (4) years.

Count Five of the Indictment carries a term of imprisonment of not less than five (5) years up to life, to be served consecutive to any other term of imprisonment, a fine not to exceed two hundred thousand dollars ($250,000.00), and a term of supervised release of not more than five (5) years. Defendant indicated that he understood the maximum penalties for Counts One and Five of the Indictment, that the offenses charged are felonies, and the potential consequences of the guilty plea.

Defendant was also informed that a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund, pursuant to Title 18, United States Code, Section 3013(a). The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, he may be required to serve an additional term of imprisonment up to the full term of supervised release originally imposed by the Court. And that, if he is currently on supervised release in a different case than the ones object of the indictments here, his plea of guilty, if accepted, could result in negative consequences, such as the revocation of his supervised release in that other case. The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offenses, and the Court may also require him to forfeit certain property to the Government. Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence he may be currently serving in another case.

E.  Sentencing Procedure

Defendant was informed that, in determining his sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply to this case and that he understood that, for sentencing guideline purposes only, he was agreeing to be held accountable for conspiracy to import with intent to distribute at least 3.5 kilograms but less than 5 kilograms of cocaine (Count 3 of Crim. No. 18-500) and for conspiracy to possess with intent to distribute at

least 50 kilograms but less than 150 kilograms of cocaine (Count 1 of Crim. No. 21-153). Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by his attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and informed to have understood, that the Sentencing Guidelines are thus considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if he is sentenced to prison, he will not be released on parole. Further, Defendant was advised of his right to appeal and that, under some circumstances, he or the Government may have the right to appeal the sentence imposed by the Court. But that, pursuant to his plea agreement, he is waiving his right to appeal both the judgment and sentence, if the Court accepts his plea agreement and sentences him according to its terms, conditions, and recommendations; to a total imprisonment sentence of one hundred and sixty-eight (168) months or less for both cases. Defendant informed that he understood his right to appeal and that he voluntarily agreed to this waiver.

### F. Waiver of Constitutional Rights

Defendant was specifically advised that he has the right to persist in a plea of not guilty and that, if he does, he has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial he would be presumed innocent and the Government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and that, if he could not afford one, an attorney would be appointed to represent him through all stages of the proceedings; that at trial he would have the right to hear and cross examine all witnesses, the right to issue subpoenas or to compel the attendance of witnesses to testify at trial, and the right to testify or to remain silent. Defendant was further advised that if he decided not to testify or put on evidence at trial, the failure to do so

could not be used against him, and that at trial the jury would have to return a unanimous verdict before he could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. He reaffirmed his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights that the Court explained.

### G. Offenses Charged and Factual Basis for the Guilty Pleas

Defendant was read in open court Count Three of the Second Superseding Indictment in Crim. No. 18-500 and Counts One and Five of the Indictment in Crim. No. 21-153 and was provided an explanation of technical terms used in the indictments to describe the offenses as charged. Defendant was also provided an explanation of the elements of the offenses and expressed to have understood what the Government would have to prove beyond a reasonable doubt if he were to go to trial.

The Government explained the factual basis for the offenses and the evidence it would present if these cases were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offenses charged. Defendant admitted that he was pleading guilty because he is in fact guilty. Defendant pled guilty as to Count Three of the Second Superseding Indictment in Crim. No. 18-500 (ADC) and Counts One and Five of the Indictment in Crim. No. 21-153 (ADC).

### IV. Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Count Three of the Second Superseding Indictment in Crim. No. 18-500 (ADC) and Counts One and Five of the Indictment in Crim. No. 21-153 (ADC).

After cautioning and examining Defendant under oath and in open court concerning each of the subject matters in Rule 11, the Court finds that the defendant, **Isidro John-Reyes,** is fully competent and capable of entering this guilty plea, is aware of the nature of the charges and the maximum statutory penalties these carry, understands that the charges are supported by evidence and a basis in fact, has admitted to the facts and the elements of the offenses, and has done so in an intelligent and voluntary manner with knowledge of the consequences of his guilty plea. I

USA v. Isidro John-Reyes
Cr. No. 18-500 (ADC)
Cr. No. 21-153 (ADC)
**Report and Recommendation on Guilty Plea**

recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Count Three of the Second Superseding Indictment in Crim. No. 18-500 (ADC) and Counts One and Five of the Indictment in Crim. No. 21-153 (ADC).

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72 (d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Judge. <u>United States v. Valencia-Copete</u>, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Aida M. Delgado-Colón.**

In San Juan, Puerto Rico, this 12th day of January 2023.

<u>s/Giselle López-Soler</u>
GISELLE LÓPEZ-SOLER
United States Magistrate Judge